# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSLYN LANGTON, as the parent of the minor child, O.L.,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DR. LUCY'S LLC and LUCY GIBNEY,<br><br>　　　　　　　Defendants. | Civil Action No. 13 Civ. 05456 (KM)(MAH) |

## JOINT PROPOSED DISCOVERY PLAN

1. **Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

    This is an action brought by Plaintiff Joslyn Langton, as the parent of the minor child, O.L., in relation to the harms resulting from the manufacture, production and sale by Defendants of "Lucy's Sugar Cookies;" which contain traces of, *inter alia*, milk, eggs, peanuts and/or tree nuts, despite being marketed explicitly as safe, allergen-free food that has been manufactured in a "carefully controlled" environment and trace-tested for allergens. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' violations of the Federal Food, Drug and Cosmetic Act, 23 U.S.C. 343(a) ("FDCA"), New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1 *et seq*. ("NJ CFA"), strict products liability, breach of express and implied warranties, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, gross negligence, recklessness and/or willful and wanton misconduct based on *res ipsa loquitur*, and unjust enrichment.

    Defendants deny all allegations contained in the Complaint.

2. **Have settlement discussions taken place?**

    None since the commencement of this action.

    **If so, when?**

    (a)    **What was Plaintiff's last demand?**

        (1)    Monetary demand: $ _____

        (2)    Non-monetary demand: $ _____

    (b)    **What was defendant's last offer?**

        (1)    Monetary offer: $ _____

        (2)    Non-monetary offer: $ _____

3.    **The parties <u>will have</u> exchanged the information required by Fed. R. Civ. P. 26(a)(1) in advance of the Initial Conference. If not, state the reason therefor.**

4.    **Describe any conducted discovery other than the above disclosures.**

None.

5.    **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

Plaintiff intends to file Motions for Admission *Pro Hac Vice* on behalf of Ariel Y. Graff and Robert W. Ottinger. The parties do not currently anticipate making any other Motions prior to the completion of discovery at this time.

6.    **The parties propose the following:**

    (a)    **Discovery is needed on the following subjects:**

The parties anticipate that fact discovery is required on all causes of action and affirmative defenses, including, but not limited to, the events as alleged in the Complaint, Defendants' design and manufacturing policies and/or processes, and the injuries and damages sustained by Plaintiff. In addition to fact discovery, the parties anticipate that expert discovery will be required on the subjects of the injuries and damages sustained by Plaintiff.

    (b)    **Discovery should <u>not</u> be conducted in phases.**

    (c)    **Maximum number of interrogatories by each party to each other party:** 25

    (d)    **Number of depositions to be taken by each party:** 10

    (e)    **Plaintiff's expert report due on:** [thirty days after the close of fact discovery]

    (f)    **Defendants' expert report due on:** [sixty days after Plaintiff's expert disclosure]

      (g)    **Motions to Amend or to Add Parties to be filed by:** [45 days after the initial conference]

      (h)    **Dispositive motions to be served within <u>sixty (60)</u> days of completion of discovery.**

      (i)    **Factual discovery to be completed by:** [August 29, 2014]

      (j)    **Expert discovery to be completed by:** [90 days following completion of fact discovery]

      (k)    **Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

           The parties anticipate submitting to the Court a Proposed Stipulated Protective Order (*pursuant to L. Civ. R. 5.3(b) and Appendix S*) governing the use of confidential materials in the instant action, including, but not limited to, medical records and other sensitive documents and/or information

      (l)    **A pretrial conference may take place on:** [_____]

      (m)    **The parties request a <u>trial by jury</u>.**

      (n)    **Trial date:** [_____]

**7.**    **Do you anticipate any discovery problems?**

The parties do not anticipate any discovery problems at this time.

**8.**    **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?**

Since both Defendants are located in the State of Virginia, the parties anticipate exploring the possibility of conducting certain depositions of corporate representatives and/or individual Defendants by live video link.

**9.**    **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

The parties do not believe this case is appropriate for voluntary arbitration or mediation at this time, but remain amenable to discussing the possibility for mediation (either before a Magistrate Judge or private third-party neutral) after the close of fact discovery.

**10.**    **This case <u>is not</u> appropriate for bifurcation.**

**11.**    **The parties <u>do not</u> consent to the trial being conducted by a Magistrate Judge.**

Respectfully submitted,

Dated: February 14, 2014

| THE OTTINGER FIRM, P.C. | LAW OFFICES OF LINDA S. BAUMAN |
|---|---|
| *(signature)* | /s Evert Van Kampen |
| Denise Rubin Glatter | Evert Van Kampen |
| Ariel Y. Graff (*to be admitted pro hac vice*) | 50 Millstone Road |
| 20 W. 55th St., 6th Fl. | Building 300, Suite 140 |
| New York, NY 10019 | East Windsor, NJ  08520 |
| (P): 212-571-2000 | (P): 609-371-1533 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |